UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ALBERTO LONDONO

                                      Plaintiff,         **COMPLAINT**

-against-                             **JURY DEMAND**


NEW YORK CITY, POLICE OFFICER DAVID RENE,
SERGEANT JOHN ROE, JOHN DOE ##1-5,        ECF CASE

                                      Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seek relief for the violation of his rights secured by 42 USC § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from a continuing matter that started in February, 2020 in which employees of the New York City Police Department ("NYPD") acting under color of state law, intentionally and willfully subjected Plaintiff to, among other things, false arrest and unreasonable seizure of his property.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as specific performance, and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of

New York in that most of the events in question occurred within the boundaries of the Eastern District of New York.

## NOTICE OF CLAIM

6. Within 90 days of the incident complained of here, (including a toll of such time pursuant to Executive Order), Plaintiff submitted a Notice of Claim with the City of New York, pursuant to New York General Municipal Law § 50-E.

7. At least thirty days have elapsed since the service of such notice, and adjustment or payment thereof has been neglected or refused.

## PARTIES

8. Plaintiff Alberto Londono ("Plaintiff") is a citizen of the United States and at all times here relevant resided in Queens County, New York.

9. New York City ("the City") is a municipality organized under the laws of the State of New York, with its principal offices located at 100 Church Street, New York, NY. At all times mentioned, NYPD was and is a department or agency of the City. At all relevant times the City was and is responsible for the control of the NYPD and the City was and is responsible for the appointment, training, supervision, promotion and discipline of law enforcement employees hired by the NYPD, including all individual defendants named above.

10. All other named defendants above are employees of the NYPD and are sued in their individual capacities; the "Roe" and Doe" defendants are fictional names in place of the currently unknown identities.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and the State of New York.

**FACTUAL ALLEGATIONS**

12. In about February 2020, Plaintiff was in his vehicle when a passenger from the vehicle exited and got in an argument with a New York City traffic agent, in a location in Queens, NY.

13. Plaintiff returned to his home, and police shortly thereafter appeared at his home demanding the name of the person who had been in the car with him. Plaintiff's wife gave them Plaintiff's phone number.

14. Sergeant John Roe ("Sergeant Roe") then called Plaintiff and said if he did not return to the scene to discuss the matter, he was going to arrest Plaintiff.

15. Plaintiff returned to the scene and met with Sergeant Roe, who accused Plaintiff of lying and said that he was going to send the detective squad after Plaintiff and that he would "make sure they take that car from you" if Plaintiff did not give up the name and pedigree of the passenger from his car.

16. Four or five days later, Defendant Police Officer David Rene ("Officer Rene") called Plaintiff on his cell. He called himself a detective and demanded the same information that Sergeant Roe had demanded, and similarly told Plaintiff that if he did not provide the information, he would take Plaintiff's Dodge Durango.

17. Four to five months later, on about June 28, 2020, Plaintiff was driving in upstate New York and was pulled over by New York State troopers who had checked Plaintiff's license plate and received a communication that his car was reported stolen. Plaintiff was ordered out of the vehicle and held at the scene in a frightening experience. The troopers explained that the car had been reported stolen by a "Detective Rene" from the 110th Precinct, in Queens.

18. Ultimately, after making some further inquiries and calls including directly to Officer Rene, the troopers were convinced that the car was not in fact stolen and allowed Plaintiff to leave.

19. On about September 5, 2020, unknown members of the NYPD caused Plaintiff's car to be towed to the 104th Precinct.

20. When Plaintiff went to the 104th Precinct, he was told that he had to go speak with "Detective Rene" at the 110th Precinct, to retrieve his car.

21. When Plaintiff went to the 110th precinct, Officer Rene told Plaintiff he had told him he was going to take the car if Plaintiff did not provide the information he demanded.

22. Plaintiff's car was held for about a month, until, after receiving calls from counsel for Plaintiff, Officer Rene directed that the car be released.

23. Since getting his car back, Plaintiff has been repeatedly stopped by police who advise him the car was reported stolen.

24. During all of the events above described, defendants acted maliciously and with intent to injure Plaintiff.

## **DAMAGES**

25. As a direct and proximate result of the acts of defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

    b. Violation of his rights to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c. Emotional trauma and suffering, including fear, embarrassment, humiliation,

4

emotional distress, frustration, extreme inconvenience, anxiety;

d. Loss of the use of his vehicle;

e. Physical damage to his vehicle.

.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

26. The above paragraphs are here incorporated by reference.

27. Defendants acted under color of law and deprived Plaintiff of his civil, constitutional and statutory rights and are liable to Plaintiff under 42 U.S.C. § 1983.

28. Defendants intentionally caused Plaintiff's seizure and the seizure of his automobile.

29. Defendants caused Plaintiff's seizure without probable cause, and without even "arguable" probable cause.

30. Defendants unlawfully seized Plaintiff's property.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILITY)

31. The above paragraphs are here incorporated by reference.

32. New York City is vicariously liable for the damages suffered by Plaintiffs as a result of the conduct of their employees, agents, and servants' state law torts, as well as under 42 USC § 1983 in that, after learning of their employees' violation of Plaintiff' constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

33. The procedures for seizing and returning vehicles in the City is notoriously *ad hoc*, and gives police officers virtually unfettered discretion to seize and return vehicles at their whim, leading to a virtual certainty that the system would be abused and used for improper purposes, as happened in this case.

## THIRD CAUSE OF ACTION
(FALSE ARREST)

34. The above paragraphs are here incorporated by reference.

35. Defendants intended to cause confine Plaintiff's unprivileged confinement and did cause it.

36. Plaintiff was conscious of the confinement and did not consent to it.

37. The confinement was not privileged.

38. New York City is vicariously liable for the acts of its agents as described in this Cause of Action.

## TRESPASS TO CHATTELS

39. The above paragraphs are here incorporated by reference.

40. Defendants did acts with the intent and knowledge that such they would physically interfere with Plaintiff's possession of his car, and such interference did occur, resulting in harm.

WHEREFORE, Plaintiff demand judgment against the defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for each of plaintiffs' causes of action;

B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this

6

action; and

D.	Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:	Brooklyn, New York
	October 7, 2021

					Very truly yours,

					Stoll, Glickman & Bellina, LLP
					By: Andrew B. Stoll (AS8808)
					Attorney for Plaintiff
					300 Cadman Plaza West, 12th Floor
					Brooklyn, NY 11201
					(718) 852-3710
					astoll@stollglickman.com