UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA MARTINEZ,<br><br>                         Plaintiff,<br><br><br>     -against-<br><br><br>THE CITY OF NEW YORK, POLICE OFFICER MICHAEL DIFEDE, SERGEANT ANDRE BLAIN, SERGEANT BRYAN CIPOLLA,<br><br>                  Defendants. | **Civil Case No.:**<br>**1:20-cv-03828**<br><br><br>**THIRD AMENDED COMPLAINT**<br><br><br>**PLAINTIFF DEMANDS TRIAL BY JURY** |

Plaintiff Samantha Martinez (hereinafter referred to as "Plaintiff"), by and through her attorneys, Law Offices of Peter D. Baron, PLLC, as and for her complaint, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiff seeks relief for the violation of her rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution, and the laws and Constitution of the State of New York.

2.      The claims arise from a December 12, 2017 incident, in which Officers of the New York City Police Department (hereinafter referred to as the "NYPD"), acting under color of state law, ordinance, regulation, custom or usage, intentionally and willfully subjected Plaintiff to excessive and unreasonable force, false arrest and other violations.

3.      Plaintiff seeks compensatory damages, punitive damages and attorneys' fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988 against Defendants, together with such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3), (4).

5.      Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any and all state law claims, and as against all parties that are so related to claims in this action within the original jurisdiction of this Court in that they form part of the same case or controversy.

6.      Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. 1391(b)(1), (2) in that Defendant City of New York is located within, and the events occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMAND

7.      Plaintiff demands a trial by jury on each and every claim pleaded in the Complaint herein.

## THE PARTIES

8.      Plaintiff SAMANTHA MARTINEZ is a resident of the County of Kings, City and State of New York.

9.      Defendant CITY OF NEW YORK is a municipal corporation duly organized and existing under, and by virtue of, the laws of the State of New York.  Defendant CITY OF NEW YORK maintains the NYPD, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, Defendant CITY OF NEW YORK.

10.     Defendants POLICE OFFICER MICHAEL DIFEDE (hereinafter "DIFEDE") and SERGEANT ANDRE BLAIN (hereinafter "BLAIN") and SERGEANT BRYAN CIPOLLA (hereinafter "CIPOLLA," and collectively "Defendants") were NYPD police officers, and at all times relevant hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY OF NEW YORK and within the scope of their employment.  DIFEDE, BLAIN and CIPOLLA are sued in their official and individual capacities.

11.     At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## STATEMENT OF FACTS

12.     On December 12, 2017, at approximately 3:30 P.M., Plaintiff was lawfully present in or around a McDonald's Restaurant located at 2154 Nostrand Avenue, County of Kings, City and State of New York.

13.     Plaintiff was approached and confronted by defendants DIFEDE and BLAIN.

14.     That said defendants DIFEDE and BLAIN thereafter illegally and unlawfully assaulted and battered Plaintiff, employing excessive force throughout the incident despite having already restrained the Plaintiff.

15.     Thereafter, said defendants DIFEDE and BLAIN forcefully removed Plaintiff from the incident location and falsely arrested her.

16.     Thereafter, said defendants DIFEDE, BLAIN, and CIPOLLA falsely imprisoned Plaintiff and deprived her of her civil rights, all without just and/or probable cause.

17.     Plaintiff sustained serious and permanent personal injury, including pain and suffering, loss of enjoyment of life and other injuries.

18.     That on or about March 8, 2018, a Notice of Claim was served on Defendant CITY OF NEW YORK.

19.     That a 50H Municipal hearing was requested and subsequently held by the defendant CITY OF NEW YORK, of Plaintiff on October 24, 2018.

20.     That more than thirty days has elapsed since the demand or claim upon which this action is founded was presented to the City of New York for adjustment, and the said defendants have neglected and/or refused to make any adjustment or payment thereof within the thirty days after such presentation.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. §1983 AND THE FOURTH AMENDMENT VIA
THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

21.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

22.     That Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. §1983, in that Plaintiff was unlawfully subjected to excessive and unreasonable force and was assaulted and battered by the within defendants, DIFEDE and BLAIN, in that defendants DIFEDE and BLAIN grabbed Plaintiff by the left arm, forced her to the ground, and twisted her left arm behind her back and placed handcuffs on her.

23.     That the said assault and battery of Plaintiff was effected by the aforementioned defendants, DIFEDE and BLAIN, without authority of law and without any reasonable necessity to use any force and/or much less the excessive force that they employed and the force employed

was used without legal justification, without Plaintiff's consent, with malice and with an intent to inflict pain and suffering.

24.     As a direct result of defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly Plaintiff's right to be free from the use of excessive and unreasonable force.

25.     That by reason of the unlawful use of excessive and unreasonable force, Plaintiff was harmed physically requiring Plaintiff to receive medical treatment, was scarred and subjected to physical pain, humiliation, embarrassment, anxiety and was subjected to various ongoing physical and emotional harms.

26.     That by reason of the aforesaid, Plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, she is entitled to an award of punitive damages, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

<u>**AS AND FOR A SECOND CAUSE OF ACTION**</u>
<u>**ON BEHALF OF PLAINTIFF**</u>
<u>**VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO**</u>
<u>**THE COMMON LAW OF THE STATE OF NEW YORK**</u>
<u>**OF BATTERY**</u>

27.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

28.     That defendant, THE CITY OF NEW YORK, is vicariously liable to Plaintiff for the defendants, DIFEDE and BLAIN, common law torts via the principle of *respondeat superior*.

29.     That New York CPLR §1601 does not apply pursuant to the exception provided by CPLR §1601(1)(b).

30.     That on December 12, 2017, defendants, DIFEDE and BLAIN, committed a battery on Plaintiff in that their touching of Plaintiff was harmful, unconsented, and unjustified and in so

doing defendants violated the laws and Constitution of the State of New York and otherwise violated the Plaintiff's rights under New York law.

31.     That the aforementioned defendants, DIFEDE and BLAIN, in grabbing Plaintiff by the left arm, forced her to the ground, and twisting her left arm behind her back and placed handcuffs on her, thus committing a battery against Plaintiff.

32.     That by reason of the acts of battery committed against Plaintiff, Plaintiff was physically harmed, requiring her to receive medical treatment.  Plaintiff was scarred and subjected to physical pain, humiliation, embarrassment, anxiety, and was subjected to various ongoing physical and emotional harms.

33.     That by reason of the aforesaid, Plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, she is entitled to awards of punitive damage and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF PLAINTIFF'S RIGHTS UNDER
## THE COMMON LAW OF THE STATE OF NEW YORK
## OF ASSAULT

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

35.     That on the aforementioned date, time and place, the defendants, DIFEDE and BLAIN, committed the tort of assault against Plaintiff, by causing her to be in apprehension of imminent, harmful and offensive touching and in so doing, Defendants violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York law.

36.     That by reason of the aforesaid, committed by Defendants, Plaintiff suffered and continues to suffer emotional injuries and that she was otherwise damaged.

37.     That by reason of the aforesaid, Plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, she is entitled to awards of punitive damage and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF**
**PURSUANT TO NEW YORK STATE TORT CLAIM**
**NEGLIGENT HIRING, TRAINING RETAINING**

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

39.     That defendant, THE CITY OF NEW YORK, through its agent, the NYPD, was negligent, careless, reckless and deliberately indifferent in hiring, retaining, improperly training and supervising, as and for its employees, the defendants, DIFEDE and BLAIN; in that said defendants DIFEDE and BLAIN lacked the experience, deportment, ability and temperament to be employed by defendant THE CITY OF NEW YORK; in that said defendant THE CITY OF NEW YORK failed to exercise due care and caution in its hiring practices, and in particular, in hiring the defendants, employees who lacked the mental capacity and the ability to function as an employee of same; in that said defendant THE CITY OF NEW YORK failed to investigate the above named defendants' backgrounds and in that, said defendants hired and retained as employees of the NYPD individuals who were unqualified in that the defendants, DIFEDE and BLAIN, lacked the maturity, sensibility and intelligence to be employed when hired to be employees.

40.     That defendant, THE CITY OF NEW YORK, through its agent, the NYPD, failed to train its employees to control their tempers and exercise the proper deportment and

temperament; to use force prudently and only when necessary, and to otherwise act as reasonably prudent police officers; and in that said defendant failed to give its employees proper instruction as to their deportment, behavior and conduct as representatives of their employer; and in that said defendant, its agents, servants and employees were otherwise reckless, careless, deliberately indifferent and negligent.

41.     That defendant, THE CITY OF NEW YORK, through its agent, the NYPD, hired as employees, violent persons with a propensity for violence.

42.     That defendant, THE CITY OF NEW YORK, through its agent, the NYPD, hired as employees, dishonest persons with a propensity for dishonesty.

43.     That the aforesaid occurrences and resulting injuries to Plaintiff's mind, body and pecuniary harms therefrom, were caused wholly and solely by reason of the negligence of the defendant, THE CITY OF NEW YORK, its agents, servants and employees, without any negligence on the part of Plaintiff contributing thereto.

44.     That by reason of the aforesaid, Plaintiff was harmed physically requiring her to receive medical treatment, she was scarred and subjected to physical pain, humiliation, embarrassment, anxiety, and was subjected to various ongoing physical and emotional harms, Plaintiff was pecuniarily harmed and was falsely arrested and otherwise harmed.

45.     That by reason of the aforesaid, Plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, she is entitled to awards of punitive damage and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER
## THE COMMON LAW OF THE STATE OF NEW YORK
## OF FALSE ARREST

46.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

47.     That on December 12, 2017, and at all times hereinafter mentioned and upon information and belief, Plaintiff, was lawfully present at or about the McDonalds restaurant, located at 2154 Nostrand Avenue, County of Kings, State of New York.

48.     That on December 12, 2017, and at all times hereinafter mentioned and upon information and belief, Plaintiff was falsely arrested by defendants, DIFEDE and BLAIN, who were acting within the scope of their employment with the defendant, THE CITY OF NEW YORK, at the aforesaid premises.

49.     That on December 12, 2017, and at all times hereinafter mentioned and upon information and belief, the aforementioned false arrest was performed knowingly, intentionally and willfully.

50.     That on December 12, 2017, and at all times hereinafter mentioned and upon information and belief, the arrest and confinement was without probable cause not based on reasonable grounds and not founded upon an arrest warrant.

51.     That defendants DIFEDE, BLAIN and CIPOLLA confined Plaintiff, in that Plaintiff was not free to leave; defendants DIFEDE, BLAIN and CIPOLLA intended to confine Plaintiff, Plaintiff was conscious of confinement, Plaintiff did not consent to confinement and confinement was not otherwise privileged.

52. That the said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause of belief that Plaintiff was in fact guilty of crimes.

53. Defendants DIFEDE, BLAIN and CIPOLLA, who knew of the false arrest and allowed the illegal detention of Plaintiff to continue, are liable to Plaintiff via their failure to act pursuant to their affirmative duty to intervene.

54. Defendants DIFEDE, BLAIN and CIPOLLA, who are supervisors within the NYPD, who knew of the false arrest and continued to allow and/or order the illegal arrest of Plaintiff and who either directly participated in the violation of Plaintiff's rights or who after learning of the violation failed to remedy the wrong, are liable to Plaintiff for the violation of her rights pursuant to the Fourth Amendment.

55. That by reason of the unlawful arrest, Plaintiff was subjected to an illegal confinement, incurred emotional harms, suffered pecuniary harms, humiliation, mental anguish, embarrassment, anxiety, her reputation in the community was impaired, and she was prevented from performing her necessary affairs of business and that she was otherwise injured.

56. That by reason of the aforesaid, Plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages on the First Cause of Action; in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Second Cause of Action; in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Third Cause of Action; in a sum not to exceed

FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages on the Fourth Cause of Action; in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Fifth Cause of Action; along with reasonable attorney's fees pursuant to 42 U.S.C. §1988 on all causes of action, together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: Melville, New York
        June 21, 2021

                              Respectfully submitted,

                              **LAW OFFICES OF PETER D. BARON, PLLC**


                              _____
                              Peter D. Baron (PB8519)
                              *Attorneys for Plaintiff*
                              532 Broadhollow Road, Suite 114
                              Melville, New York 11747
                              Tel: (631) 367-7000